STATE OF CONNECTICUT *v.* RICHARD N. BILL

BALDWIN, C. J., MURPHY, MELLITZ and SHEA, Js.[1]

Argued October 8—decided November 3, 1959

*William M. Krug.* with whom was *John W. Joy,* for the appellant (defendant).

*Francis F. McGuire,* special prosecuting attorney, with whom was *Edward C. Hamill,* prosecuting attorney, for the appellee (state).

---

[1] By agreement of counsel the case was argued before and decided by four judges.

MURPHY, J. The defendant was found guilty of the crime of indecent exposure in a trial to the court and has appealed. He claims that the state did not prove his guilt beyond a reasonable doubt, that the evidence was insufficient to warrant conviction, and that the state failed to sustain the burden of proof as to the alibi he offered. These claims raise but one question: On all the evidence, was the defendant guilty beyond a reasonable doubt of the crime charged?

The procedure followed on this appeal did not properly present the question for review. In a criminal case tried to the court in which the sole issue upon appeal is the sufficiency of the evidence to sustain the conviction, a single assignment of error stating that claim should be made when the appeal is taken. Practice Book §§ 385, 388. We then determine upon the entire evidence whether the trial court erred. *State* v. *Frost,* 105 Conn. 326, 332, 135 A. 446; *State* v. *Schofield,* 114 Conn. 456, 459, 159 A. 285. No finding of facts was necessary, since the conviction could only be tested by the evidence. See *Tamarit* v. *Ottolini,* 145 Conn. 586, 591, 145 A.2d 587. Because the trial court made a finding, much of the material in the briefs and in argument has been directed to the finding rather than to the evidence. Moreover, counsel have not included in their appendices all of the relevant evidence in narrative form. Practice Book § 448; *Putney* v. *Lehigh Truck Equipment Corporation,* 145 Conn. 731, 141 A.2d 482. Without the narrative presentation it becomes necessary for us to review the transcript of the evidence in order to determine the appeal.

The evidence discloses that between 2:30 and 2:45 p.m. on April 2, 1958, a seventeen-year-old girl walking southerly on the west sidewalk on Montauk

Avenue in New London was hailed by the occupant of a blue and white automobile parked at the curb. He asked for directions to Main Street. The girl walked over to the car, observed his face and was giving him the requested directions through the open window on the right side of the car when she looked down and noticed that he was exposed from his waist to his knees and was holding his person. She immediately ran to her girl friend's house nearby, remained there fifteen minutes and then returned to her own home, where she telephoned her mother at her place of employment and related what had occurred. The mother notified the police. About three weeks later the police showed the girl a photograph of the defendant which she identified. The following week, while in the company of police officers, she singled out the defendant from about fifteen people in the courtroom at Montville. At the trial in the Court of Common Pleas she identified the defendant as the occupant of the car despite the fact that she had only seen his face for a moment as she gave him directions. There was no evidence that she took the registration number of the car. She testified that she did not know the make of the car.

The defendant, through his own testimony and that of his father and two other witnesses, attempted to account for his activities and whereabouts in the morning as well as the afternoon of April 2, 1958. The court stated that it placed great weight on the testimony of the disinterested witness who substantiated the defendant's story as to his whereabouts until noon of that day but completely discounted the alibi offered to show that the defendant and his father were in Cranston, Rhode Island, at or about the time the state claimed the defendant

was in New London. It is unnecessary to elaborate on the details of that alibi. The defendant argued that his identification by the complaining witness was questionable because of the limited opportunity she had to observe the facial features of the person in the car, coupled with the lapse of three weeks before she was shown the defendant's photograph, not in a collection but singly. Only after she was fortified by this assistance did she pick him out of the group at Montville a week later. The trial court, however, found that upon all the evidence the state had proved the guilt of the defendant beyond a reasonable doubt, and there is evidence in the record to support this conclusion. The trial court had the opportunity of observing the witnesses upon the stand and the manner in which they responded under direct and cross examination. It was satisfied with the identification of the defendant by the complaining witness and disbelieved entirely the attempted alibi for the afternoon hours. That was its province and we cannot disturb its conclusion. *State v. Coulombe,* 143 Conn. 604, 607, 124 A.2d 518, and cases cited.

But one other phase of this case calls for comment. In his brief, the defendant asserts the unique proposition that the "burden to prove an alibi is not on the accused but upon the State," and cites as authority *State v. Horwitz,* 108 Conn. 53, 142 A. 470. No such statement appears in that opinion. At page 55, in referring to the charge to the jury, we said: "The trial court did make an error in placing the burden of proof as to the defendant's claimed alibi upon him, but it immediately and fully corrected it and stated the true rule clearly and well." Evidence of alibi is merely a rebuttal of the state's evidence, though it is commonly called a de-

fense. *State* v. *Cianflone,* 98 Conn. 454, 467, 120 A. 347. The burden is upon the accused in the first instance to produce evidence in support of the alibi. Whenever that defense is so far proved that upon the whole evidence a reasonable doubt as to the guilt of the defendant is caused, he is entitled to an acquittal. *State* v. *Brauneis,* 84 Conn. 222, 231, 79 A. 70. In the present case, the trial court concluded that the alibi offered was of no merit and that the state had met its over-all burden of establishing guilt beyond a reasonable doubt.

No costs will be taxed for the printing of the state's appendix, since none of the evidence in it was stated in narrative form. Practice Book §§ 448, 452; *Starkel* v. *Edward Balf Co.,* 142 Conn. 336, 343, 114 A.2d 199.

There is no error.

In this opinion the other judges concurred.