The information charged the defendant with the crime of shoplifting in violation of § 53-63 of the General Statutes. As a result of the judgment of guilty, the defendant takes this appeal, assigning as error the court's conclusion upon all the evidence that the defendant was guilty beyond a reasonable doubt. Upon this assignment, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. State v. Pundy,147 Conn. 7, 8.
No finding was necessary. Cir. Ct. Rule 7.31.1. The court, however, made a finding, and much of the material in the briefs and in argument has been directed to the finding rather than the evidence. See State v. Bill, 146 Conn. 693, 694.
From the evidence, we find that at about 4 a.m. on February 6, 1962, the defendant and a companion entered the Arthur Drug Store, located at Farmington Avenue and Sigourney Street in Hartford. Both the defendant and his companion concealed cigarettes under their clothing. The defendant paid for two newspapers at the check-out station. After *Page 127 
passing through the check-out station, the defendant was confronted by one Buckingham, security officer for the Arthur Drug Store, who reminded the defendant of the cigarettes concealed under his coat. The defendant pulled out from under his coat one carton of cigarettes and placed some money and the carton of cigarettes on the counter and fled the premises in the direction of the parking lot. Shortly thereafter, cigarettes and soap were found under a car in the parking lot. The defendant was later apprehended by the police.
The defendant's main argument is that there was no evidence that the cigarettes and soap found in the parking lot were discarded by him, and he attacks the court's finding that he discarded these articles while fleeing from the scene. Section 53-63 (b) provides: "Any person who wilfully takes possession of any goods, wares, or merchandise offered or exposed for sale by any store or other mercantile establishment with the intention of converting the same to his own use, without paying the purchase price thereof, . . . shall . . . [be punished]." There is ample evidence that the defendant had one carton of cigarettes which he intended to convert to his own use without paying the purchase price thereof, and therefore it becomes unnecessary to consider any reasonable or logical inferences the court may have drawn as to articles found in the parking lot.
Upon all of the evidence, the trial court could have reasonably concluded that the defendant was guilty of the crime charged beyond a reasonable doubt.
 There is no error.
In this opinion JACOBS and GEORGE, JS., concurred.