EDWARD N. SHAY, ADMINISTRATOR (ESTATE OF
ROSEMARY KRALIK) *v.* ST. RAPHAEL HOSPITAL
ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 5—decided May 25, 1965

*Morris Tyler* and *William R. Murphy,* for the
appellant (named defendant).

*Harold M. Mulvey,* with whom was *Edward N.
Shay,* for the appellee (plaintiff).

ALCORN, J. The plaintiff recovered damages for the death of the decedent, Rosemary Kralik. The complaint alleged the corporate negligence of the named defendant. The court denied motions to set aside the verdict and for judgment notwithstanding the verdict. The named defendant, hereinafter called the defendant, has appealed from the judgment, assigning error in the denial of the motions, in the charge, in the court's refusal to charge as requested and in rulings on evidence. The errors assigned in the charge and in the refusal to charge are decisive of the appeal.

The plaintiff's allegations of negligence are that the defendant (1) failed to staff its hospital adequately, (2) neglected to provide "proper facilities, safeguards, appointments, apparatus, appliances, and surroundings" and (3) "neglected to adopt, establish and/or enforce a routine, policy or practice" to provide proper and adequate care and supervision to the plaintiff's decedent and other patients. The defendant denied all allegations of negligence and pleaded a special defense of charitable immunity.

The charge is to be tested by the claims of proof in the finding. *Trainor* v. *Frank Mercede & Sons, Inc.,* 152 Conn. 364, 369, 207 A.2d 54; *State* v. *Marquardt,* 139 Conn. 1, 7, 89 A.2d 219. The finding is not subject to correction. The plaintiff claimed to have proved that the decedent was a patient in the defendant hospital. On doctor's orders, she was given "bathroom privileges with assistance", that is, she could be assisted to and from the bathroom by a nurse. Shortly after her admission, a nurse accompanied her to the bathroom. Later in the day of her admission, the decedent called a staff nurse and told her she wished to use a bedpan

on a chair. The nurse placed the decedent on a bedpan on a straight chair close to the bed and then left the room to take the temperatures of other patients, stating that she would return in a few minutes. It was standard procedure for a staff nurse to take the temperature, at four-hour intervals, of all patients whose temperatures were elevated when she came on duty. While the decedent was thus left sitting on the bedpan, she fainted and fell to the floor causing the injuries complained of. Other than these claims of proof, the finding indicates that the issue principally litigated was whether the defendant maintained an adequate staff for the care and supervision of its patients, particularly the plaintiff's decedent. In our view of the case, it is unnecessary to recite the claims of proof on this issue for reasons which subsequently appear.

In effect at the time of the decedent's injury and death were regulations of the state department of health applicable to hospitals of defendant's type which are printed in the footnote.[1] At the conclusion of the trial the defendant requested the court to charge, in substance, that there was no evidence to support the plaintiff's claim that the defendant had failed to provide adequate facilities or had failed "to adopt, establish and/or enforce a routine,

---

[1] "[Conn. Dept. Regs. § 19-13-D3 (a) (1).] The hospital buildings shall be of sound construction and shall provide adequate space and equipment for patient accommodations and for service and other areas, in accordance with the requirements of the state department of health. Properly equipped diagnostic and therapeutic facilities shall be provided."

"[Conn. Dept. Regs. § 19-13-D3 (f).] Facilities, equipment and qualified personnel, under competent medical supervision, shall be provided for necessary diagnostic and therapeutic procedures, adequate for the needs of the hospital. These shall include, as a minimum, a clinical laboratory, pathological services, a radiology department and an operating room."

policy or practice" adequate for the decedent's care and oversight. The trial court refused to charge as requested. It stated to the jury the general rule concerning corporate negligence to which the defendant took no exception. It then charged that the defendant had a duty to use reasonable care to provide reasonably safe medical supplies, equipment and instrumentalities for the use of those who served the patients in it, and a duty to arrange and direct the duties of its employees by rule or otherwise so as to afford reasonable care and safeguards to its patients. After defining reasonable care, the court instructed the jury to consider, as bearing on the issue of negligence, whether the defendant's management practices reasonably accorded with those followed in other similar hospitals in the vicinity. There is, however, no claim of proof as to the practice in other hospitals from which the jury could make the indicated comparison. The court charged that it was the defendant's duty to comply with the regulations of the state department of health quoted in the footnote, read the regulations to the jury, and, with respect to the regulations as to facilities and equipment, pointed out that the plaintiff's claim was "that the particular equipment that was used on the day in question was not adequate within the meaning of those two particular regulations." The court then left to the jury the questions whether or not that type of equipment was adequate under the regulations and "[w]hether or not there has been a proof of any sufficient evidence to afford the basis for a violation of those two regulations". Finally, it left to the jury to determine whether there was evidence of a failure "to adopt, establish, and/or enforce a routine, policy or practice" for the decedent's

adequate care and oversight, and whether, if such a policy was adopted, what it was and whether it was violated.

The defendant excepted to the charge on the ground that there was no evidence of inadequate facilities or equipment, and on the ground that the equipment used was selected by the nurse so that any negligence in the use of it would be hers rather than the corporate negligence of the defendant. The defendant further excepted that there was no evidence concerning the adoption of regulations, there was no evidence of any standard practice requiring the defendant to adopt any regulations, and there was no evidence of a violation of a regulation.

In charging as it did, the court permitted the jury to determine the defendant's liability on any or all of the three specifications of corporate negligence alleged in the complaint, namely, understaffing, inadequate equipment, or failure to adopt and enforce proper regulations. The verdict was a general one, and consequently the real basis of the jury's decision must remain unknown. The plaintiff offered no evidence in support of his claim of inadequate equipment other than evidence describing the equipment actually used by the nurse, that is, the chair and the bedpan. At most, this evidence indicated that the nurse may have been negligent. Her negligence would impose no liability on the defendant. *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 572, 36 A.2d 273. In the absence of a claim of proof by the plaintiff that proper equipment was not made available by the defendant, it was error for the court to submit the issue to the jury. The same may be said of the court's action in leaving to the jury the claim of negligence based on the alleged failure to adopt and enforce proper regulations.

The only offer of proof remotely bearing on such a claim was that relating to the nurse's duty to take temperatures. *Edwards* v. *Grace Hospital Society,* supra, 574, 575.

This is not a case in which recovery is sought on two or more distinct causes of action so that a general verdict would cure an erroneous charge as to one of them. The plaintiff seeks to recover solely on the ground of corporate negligence, alleging the aforementioned three particulars on which that negligence is claimed to rest. In such a case, when the verdict is general, the judgment cannot stand if the charge was erroneous as to any of the three grounds of negligence alleged. *Lubenow* v. *Cook,* 137 Conn. 611, 615, 79 A.2d 826; *Ziman* v. *Whitley,* 110 Conn. 108, 116, 147 A. 370. The claimed failure to provide adequate equipment and to adopt and enforce proper regulations as grounds of negligence were erroneously submitted to the jury.

It is unnecessary to consider the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.