STATE OF CONNECTICUT *v.* JOHN W. MALLETTE III

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued April 13—decided April 26, 1966

585

*Samuel H. Woltch,* special public defender, for the appellant (defendant).

*Joseph T. Gormley, Jr.,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

HOUSE, J. Upon a trial by jury the defendant was found guilty of the crimes of robbery with violence; General Statutes § 53-14; and carrying a dangerous weapon without a permit. General Statutes § 53-206. He assigns but three errors: (1) The court erred in denying the motion of the defendant to dismiss both counts of the information because the state had not proved his guilt beyond a reasonable doubt. (2) The court failed to set aside the verdict because the defendant was not, upon all the evidence, proved guilty beyond a reasonable doubt. (3) The court erred in its charge regarding the defendant's alibi defense and did not charge to the same effect on the issue of identification.

There is no merit whatsoever to the appeal.

On the question whether the evidence was sufficient beyond a reasonable doubt to sustain the conviction, we review the evidence which has been printed in the appendices to the briefs. *State* v. *Taylor,* 153 Conn. 72, 87, 214 A.2d 362; *State* v. *Carroll,* 152 Conn. 703, 204 A.2d 412.

On the charge of robbery with violence, the jury had for consideration the testimony of the proprietor of a package store that, at the time charged, the defendant entered his store with a loaded, nickel-plated revolver in his hand, demanded money from the proprietor, took $74 from the cash register, took his wallet, required him to lie on the floor and then fled. The defendant does not question the fact that a robbery with violence was committed but denies that he committed it. The proprietor testified that he was sure of the identity of the defendant as the man who robbed him. By their verdict the jury indicated that they were satisfied with the identification of the defendant by the complaining witness and did not credit the attempted defense alibi. These were questions for the jury to decide, and the evidence clearly supports their conclusion. *State* v. *Hodge,* 153 Conn. 564, 572, 219 A.2d 367; *State* v. *Bill,* 146 Conn. 693, 696, 155 A.2d 752; *State* v. *LaFountain,* 140 Conn. 613, 616, 103 A.2d 138.

On the charge of carrying a dangerous weapon without a permit, the state introduced testimony of a police officer that about ten days after the robbery he found the defendant in a Danbury tavern and arrested him on the robbery charge. In doing so, he felt what he believed to be a weapon on the defendant's person and upon further investigation found in the sleeve of the defendant's coat a loaded, sawed-off .22 caliber rifle. He further testified that he subsequently successfully test-fired the gun and that he examined the Danbury police department records for the issuance of gun permits and determined that the defendant did not have, on the date of the occurrence or at any other time, a permit to carry the weapon. A loaded, .22 caliber

rifle is a deadly or dangerous weapon per se.
*State* v. *Pallanck,* 146 Conn. 527, 530, 152 A.2d
633. On the evidence before them, the jury had
ample reason to conclude that the state had proved
the guilt of the defendant beyond a reasonable
doubt.

With respect to his attack on the charge, the
defendant in his brief concedes the relevancy and
correctness of the charge as applied to the alibi
defense but asserts that the jury should have been
instructed in similar language on the issue of iden-
tification. The defendant, however, neither requested
such an instruction nor excepted to the failure of
the court to include such an instruction in its
charge, as required by Practice Book § 249. Accord-
ingly, the claim of error is not properly before us.
*Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251;
*State* v. *Dortch,* 139 Conn. 317, 325, 93 A.2d 490;
Maltbie, Conn. App. Proc. §§ 106, 112. Further-
more, a charge is to be tested by the claims of proof
in the finding, not by the evidence. Practice Book
§ 609; *Lucier* v. *Meriden-Wallingford Sand & Stone
Co.,* 153 Conn. 422, 424, 216 A.2d 818; *Shay* v. *St.
Raphael Hospital,* 152 Conn. 604, 605, 210 A.2d 664.
The finding here does not comply with the require-
ments of Practice Book § 635. It should contain
all of the charge bearing on the point in question.
*State* v. *Tryon,* 145 Conn. 304, 307, 142 A.2d 54;
*State* v. *Wakefield,* 88 Conn. 164, 168, 90 A. 230;
Maltbie, Conn. App. Proc. §§ 143, 145, 146. It con-
tains none of the charge on the question of identi-
fication. Under these circumstances there is nothing
in the finding by which we can test the adequacy
of the charge, and it is presumed to have been
correct. *Facey* v. *Merkle,* 146 Conn. 129, 132, 148
A.2d 261; *Miner* v. *McKay,* 145 Conn. 622, 623, 145

A.2d 758; *Mercier* v. *Naugatuck Fuel Co.*, 139 Conn. 521, 528, 95 A.2d 263.

There is no error.

In this opinion the other judges concurred.