STATE OF CONNECTICUT *v.* FRED CRISPINO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-27581

Argued December 19, 1966—decided January 27, 1967

*Thomas J. Galick,* of Southington, for the appellant (defendant).

*Edward B. Fitzgerald,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. In a trial to the court, the defendant was found guilty of negligent operation of a motor vehicle upon a public highway, causing the loss of human life, in violation of § 14-218 of the General Statutes. He has appealed, assigning only one error, that on all the evidence the court wrongly concluded that he was guilty of the crime charged beyond a reasonable doubt. No finding was requested or made, and none was necessary, because on such an assignment of error we determine upon the entire evidence whether the court erred. Practice Book § 995; *State* v. *Salvaggio,* 152 Conn. 716, 717; *State* v. *Pundy,* 147 Conn. 7, 8; *State* v. *Bill,* 146 Conn. 693, 694; Maltbie, Conn. App. Proc. § 213.

The evidence shows that on January 27, 1966, at about 10:40 a.m., the defendant was operating a

1958 International truck in a southerly direction on Whitney Avenue in Hamden. The weather was clear, the sun was shining, and the highway surface was wet. The defendant had been traveling from Plantsville over a wet highway for a distance of ten or fifteen miles. He had stopped once at a garage to replace a windshield wiper on the passenger side of the truck which was not working, but was unsuccessful in his effort to correct this defect. At the intersection of Whitney and Dixwell Avenues in Hamden, the defendant, operating at low speed, began to turn left to enter Dixwell Avenue and proceed easterly thereon. He let a northbound car turn right at the intersection, ahead of him, into Dixwell Avenue, before making his left turn. As he was making the turn, he struck the decedent, a pedestrian, with the left front end of the truck and threw him crosswise to the right against the front of the truck; then, as the decedent dropped to the ground, all four sets of wheels passed over him, crushing him to death. The body was found in the road approximately thirty-eight feet east of the intersection. The defendant had stopped his truck a short distance beyond upon signal to him from a driver operating westerly as the traffic light changed at the intersection. A police officer, who at that time was operating his cruiser easterly on Dixwell Avenue and was halted by the traffic light on the southwesterly side of the intersection, proceeded immediately against the light, with his siren and dome light on, and parked to the right of the halted truck. While another police officer was interrogating the defendant, the officer first mentioned climbed into the defendant's truck and observed that the right side of the windshield was opaque because of the accumulations of dried dirt, and that vision on the driver's side was obscured because of a streaked windshield and the further impairment caused by

the sunlight shining on the blurred glass surface. This inspection was made within five minutes of the officer's arrival. At the same time, traffic in the area had been diverted.

The defendant testified that at no time did he see the decedent or any other pedestrian. The decedent was five feet eight inches tall and the height of the truck, nearest to the point of impact, was five feet two inches. Thus, if the range of vision had been horizontal along the top of the hood, the decedent would have been visible for at least six inches above the top of the hood. This vertical visibility was increased by the fact that the defendant's line of sight was at a downward angle, from a point above the steering wheel, and thus considerably higher than the top of the hood. The court correctly found, upon the facts summarized, that the defendant was negligent in that, under the circumstances, he failed to operate as a prudent person should, and that his negligence caused the loss of a human life.

The trial court had the opportunity of observing the witnesses and the manner in which they testified. It was the sole judge of their credibility. It was within the power of the court to draw logical and reasonable inferences from the facts proved. We cannot retry the case. *State* v. *Pundy*, 147 Conn. 7, 12; *State* v. *Bill*, 146 Conn. 693, 696; *State* v. *Coulombe*, 143 Conn. 604, 607.

Upon all the evidence and the inferences the court could reasonably reach from the facts proved, it was justified in concluding that the defendant was guilty beyond a reasonable doubt of the charge on which he was tried.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.