STATE OF CONNECTICUT *v.* ERNEST N. WHITE

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued May 3—decided May 23, 1967

*Herbert J. Bundock,* public defender, with whom, on the brief, was *G. Sarsfield Ford,* assistant public defender, for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

ALCORN, J. The defendant was found guilty of the crimes of rape and simple assault and has appealed.[1] His guilt was determined in a jury trial during which he offered alibi evidence that he was at another place, twenty-one miles away, at about

[1] Only the appeal from the judgment on the rape charge was pursued in the brief owing, doubtless, to the fact that the judgment on the assault charge was a suspended six months' jail sentence.

the time the state claimed that the rape was committed. He claims that the state failed to prove beyond a reasonable doubt either that a rape was committed or that he committed it.

These claims present the single question whether, on all the evidence, the state proved the defendant guilty of the crime of rape beyond a reasonable doubt. Although an alibi is sometimes spoken of as a defense, it operates, in this state, to entitle an accused to an acquittal when he has so far proved the alibi that a reasonable doubt of his guilt is raised upon all the evidence. *State* v. *Brauneis,* 84 Conn. 222, 231, 79 A. 70; *State* v. *Ferris,* 81 Conn. 97, 100, 70 A. 587. Consequently, we have examined the evidence printed in the appendices to the briefs to determine the single basic question presented. *State* v. *Stallings,* 154 Conn. 272, 283, 224 A.2d 718; *State* v. *Davis,* 153 Conn. 228, 229, 215 A.2d 414; *State* v. *Bill,* 146 Conn. 693, 694, 155 A.2d 752.

It is unnecessary to summarize the facts which the jury reasonably could have found to have been proved. The credibility to be accorded the testimony of the victim was for the jury to determine and, if credible, her testimony was sufficient to establish the commission of the crime. *State* v. *Hodge,* 153 Conn. 564, 573, 219 A.2d 367; *State* v. *Chuchelow,* 131 Conn. 82, 83, 37 A.2d 689. It was also the jury's function to determine the credibility of the defendant and the alibi witnesses. *State* v. *Hodge, supra,* 572.

There was ample evidence before the jury to prove, beyond a reasonable doubt, that a rape had been committed by the defendant. The testimony of the victim was corroborated in many particulars. The defendant offered evidence that a rape could not have been committed under the circumstances

claimed by the state and, beyond that, that he was elsewhere at the time. The verdict indicates that the jury were satisfied with the victim's account of what took place and her identification of the defendant as her assailant, and that they did not find the alibi evidence credible. These were questions for them to decide, and the evidence abundantly supports their conclusion. *State* v. *Mallette,* 153 Conn. 584, 586, 219 A.2d 447.

There is no error.

In this opinion the other judges concurred.