KATHLEEN DULEY *v.* ROGER PLOURDE ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, BARBER and MACDONALD, Js.

Argued January 14—decision released March 30, 1976

*Howard F. Zoarski,* for the appellants (defendants).

*William T. Shea,* with whom, on the brief, was *Joseph E. Fallon,* for the appellee (plaintiff).

MacDonald, J.   In this appeal from a judgment rendered for the plaintiff in an automobile negligence action, the defendants have claimed error in several rulings on evidence and in the court's charge to the jury, but the principal issue raised is whether the court erred in denying the defendants' motions for a directed verdict and to set aside the plaintiff's verdict because of the failure of the plaintiff to sustain her burden of proof of negligence on the part of the defendant operator.   The facts, as summarized in the briefs, are not in dispute and, insofar as relevant, are hereinafter set forth.

On November 27, 1970, at approximately 11:30 p.m., the defendant Roger Plourde was operating a motor vehicle owned by his father, the defendant Ronald Plourde, in Waterbury. Passengers in the car at the time were the plaintiff, Kathleen Duley, and Donna Stallings, a friend of both parties. No other vehicle was involved and the only eyewitnesses to the accident were the three occupants mentioned. Neither the plaintiff nor the defendant operator had any recollection of how the accident occurred or of any conditions existing immediately prior thereto. The investigating officer was not called as a witness and there was no evidence of road or weather conditions, nor was there any evidence of speed or lack of control prior to the accident except for the testimony of the passenger, Donna Stallings, who testified only that the left side of the vehicle scraped against a cement retaining wall, after which it swerved back and forth, and that she then saw a piece of guardrail break.

In addition to the foregoing, the only evidence before the jury had to do with the driving condition of the vehicle involved, a 1968 Chevrolet Nova automobile, as analyzed by an expert witness, Harold Simons. Simons made his analysis on the basis of testimony by the defendant operator that on the morning of the day of the accident he had changed the standard rear tires to snow tires and lowered the air pressure in the shock absorbers without changing the elevation of the shocks on the rear of the car. Over the defendants' objections, Simons, whose qualifications as an expert on automobile maintenance apparently were not challenged, testified that these changes, as described, on a 1968 Chevrolet Nova would tend to cause it to have lateral movement on the road and require over-

steering, a condition of which, it was claimed, the defendant operator was or should have been aware since he had driven the car that morning before picking up the passengers.

The plaintiff's complaint, in one count, alleged three acts of negligence, namely, that the defendant operator (a) failed to keep and operate the automobile under proper and reasonable control; (b) operated said automobile at a rate of speed that was unreasonable, improper and excessive under the circumstances and conditions prevailing at said time and place; and (c) operated said automobile when he knew or should have known that it was in a defective and dangerous condition. It was not necessary for the plaintiff to prove more than one of the three allegations, for "[w]here several acts of negligence cause but one injury, the plaintiff may allege all the acts of negligence in one count and aver that they were the cause, and any one of them proved upon the trial will sustain the complaint." *Hoffman* v. *Mohican Co.*, 136 Conn. 392, 395, 71 A.2d 921. The principal question for our determination is whether the jury on the evidence produced **rea**sonably could have found that the defendant operator was negligent in one of the ways alleged. " 'Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive, must stand . . . . The credibility of each witness and the weight to be accorded to his testimony is for the jury and the evidence must be given a favorable construction in support of the verdict.' *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846. The initial question presented here is whether, on the basis of the evidence intro-

duced, and viewing that evidence in the light most favorable to the plaintiff, a jury could reasonably have found that the defendant . . . was negligent in one or more of the ways alleged." *Merhi* v. *Becker,* 164 Conn. 516, 520, 325 A.2d 270.

The defendants argue in their brief that "[i]f the evidence lacked facts to support a finding of negligence, and there are many possibilities as to the cause of the accident other than negligence in the operation of the car, then a finding of negligence on the meager evidence in the case could result in a verdict for the plaintiff based only on surmise, speculation and conjecture," citing *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148, and *Sigel* v. *Gordon,* 117 Conn. 271, 275, 167 A. 719. Those cases, however, as well as others cited in the plaintiff's brief, are readily distinguishable from the case before us in that they involved situations where the operator of the car died and there were no eyewitnesses whatsoever, while here the jury had the benefit of the testimony of a passenger as to events immediately preceding the collision with the guard rail, the actual collision and the condition of the occupants thereafter, as well as the testimony of the operator as to the condition of the car. "It was not necessary that the plaintiffs' proof of negligence negate all possible circumstances which would excuse the defendant. . . . Nor was it necessary that the proof rise to that degree of certainty which excludes every reasonable conclusion other than that reached by the jury." *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 318, 240 A.2d 881. "Proof of a material fact by inference need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence produces in the mind of the trier a reasonable belief in the probability of the existence

of the material fact." *Blados* v. *Blados,* 151 Conn. 391, 395, 198 A.2d 213. The jury reasonably could have inferred from the testimony of Donna Stallings that the car scraped against the left wall of the underpass and was out of its proper lane because it was moving at too great a speed under the circumstances or was out of control or both.

The testimony of the expert, Harold Simons, was offered in support of the allegation that the defendant "operated said automobile when he knew or should have known that it was in a defective and dangerous condition." "The verdict was a general one, and consequently the real basis of the jury's decision must remain unknown." *Shay* v. *St. Raphael Hospital,* 152 Conn. 604, 608, 210 A.2d 664. However, "[w]here there is only one cause of action and there is error in submitting one of the specifications of negligence, a general verdict does not cure the error." *McDonough* v. *Lenox Theater Co.,* 143 Conn. 646, 648, 124 A.2d 520. Accordingly, we have considered the court's ruling in admitting, over the defendants' objections, Simons' testimony as to the effect on the automobile's lateral movement caused by the changes made in its tires and shock absorbers on the morning of the accident. We find no error in the ruling of the court. Simons' explanation as to the manner in which air shocks and shackles function was neither conjectural nor speculative since it was within his special competence as an expert in the field of automobile maintenance. "To qualify as credible testimony, the opinion of an expert must be 'one which the rational mind would reasonably reach upon the established facts.'" *Stephanofsky* v. *Hill,* 136 Conn. 379, 384, 71 A.2d 560. More specifically, we do not find that the court abused its discretion in admitting the

answer to the hypothetical question concerning the driving qualities of a 1968 Chevrolet Nova after the modifications described by the defendant operator. See *Nash* v. *Hunt,* 166 Conn. 418, 425, 352 A.2d 773. Contrary to the argument made by the defendants, there was no hypothetical question concerning lateral movement of this vehicle at the time of the accident, only a hypothetical question with respect to the general handling qualities of a 1968 Chevrolet Nova which had undergone the modifications described. "It is within the discretion of the trial court to determine whether the hypothetical question was so lacking in the essential facts as to be without value in the decision of the case." *Gulia* v. *Ortowski,* 156 Conn. 40, 48, 238 A.2d 396; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918. The defendants had their opportunity to cross-examine the witness with respect to any possible modification of his opinion by the presence of such additional factors as speed, road conditions, mechanical operation, weather and the like, but failed to do so. We find no abuse of discretion in admitting the expert testimony.

We are unable to review the defendants' claim that the court erred in refusing to charge as they requested because of their disregard of the applicable rules of practice.[1] With respect to their claims of error in the charge as given by the court, they failed to follow Practice Book § 631A (c) (2) by

[1] At the outset, the defendants failed to follow Practice Book § 252 in that they did not state their requests to charge in separate numbered paragraphs, stated the same principles of law in more than one paragraph, filed more than the permitted number of requests and, after withdrawing some requests upon the order of the trial court, failed to clarify in their brief which requests had been withdrawn and which remained for consideration. For example, they state in their brief that the requests withdrawn appear on pages

not including in their brief "a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge" and by failing to print therein "[e]vidence relevant to such claimed error . . . in narrative form with appropriate references to the page or pages of the transcript." From an examination of that portion of the charge printed in the plaintiff's brief, however, we have concluded that, at least with respect to the plaintiff's burden of proof, "[t]he charge as given included a correct statement of the principles of law involved, was adapted to the issues and was sufficient as a guide to the jury in the determination of those issues upon the evidence." *Franks* v. *Lockwood*, 146 Conn. 273, 279, 150 A.2d 215. It was "accurate, adequate and, in substance, included the material portions of the requests. The failure to charge in the exact language of the requests is not error." *Mace* v. *Conde Nast Publications, Inc.*, 155 Conn. 680, 687, 237 A.2d 360; *Darling* v. *Burrone Bros., Inc.*, 162 Conn. 187, 199, 292 A.2d 912.

There is no error.

In this opinion the other judges concurred.

---

4 and 5 of the record but continue to refer to such requests in their argument. They also ignore Practice Book § 631A (c) (1) in failing to print in their brief "a verbatim statement of the relevant portions of the charge and any relevant exceptions to the charge" and in failing to print "in narrative form any evidence which . . . would entitle . . . [them] to such charge, with appropriate references to the page or pages of the transcript."