## STATE OF CONNECTICUT *v.* KEITH MARSHALL
### (2984)

HULL, SPALLONE and DALY, Js.

Argued November 6, 1984—decision released January 8, 1985

*Louis S. Avitabile,* for the appellant (defendant).
*Marcia B. Smith,* for the appellee (state).

DALY, J. The defendant was found guilty by a jury of larceny in the second degree in violation of General Statutes § 53a-123 (a) (3). The defendant has appealed from the judgment rendered on the verdict, and claims that the court erred in its charge to the jury concerning alibi and specific intent. The defendant further submits that the court erred in admitting into evidence a police photograph of him without deleting certain data contained thereon.

The jury could reasonably have found the following facts: On June 5, 1983, around 4 p.m., the complainant

was a passenger in the front seat of a motor vehicle which was stopped for a traffic light at the intersection of North Main, Cherry and North Elm Streets in Waterbury. The defendant reached into the vehicle and grabbed a necklace from the complainant's neck. He ran in front of the vehicle and disappeared into the North Square Park area. On June 7, the driver of the motor vehicle in which the complainant was a passenger identified the defendant from photographs shown to her at the Waterbury police headquarters. On June 8, the complainant identified the defendant from an array of nine photographs.

The defendant first claims that the court erred in failing to instruct the jury in substantial compliance with the defendant's request to charge on alibi.[1] "Although an alibi is sometimes spoken of as a defense, it operates, in this state, to entitle an accused to an acquittal when he has so far proved the alibi that a reasonable doubt of his guilt is raised upon all the evidence." *State v. White*, 155 Conn. 122, 123, 230 A.2d 18 (1967). An examination of the request to charge and the charge actually given[2] indicates that it was virtually identical

[1] The defendant requested the following charge on alibi: "In this case the Defendant has raised what lawyers call a defense of alibi. The word alibi carries with it its ordinary meaning and you as laymen are probably already familiar with it. It is proof that at the time the crime in question was being committed at a particular place, the Defendant was elsewhere, and thus incapable of committing it. Alibi evidence is evidence which is inconsistent with the guilt of the accused. Alibi evidence which raises a reasonable doubt as to guilt entitles the Defendant to an acquittal. In the final analysis the State, in addition to its ordinary burden of proving the essential elements of its case beyond a reasonable doubt, has as well the burden of disproving the alibi evidence beyond a reasonable doubt. *State* v. *White*, 155 Conn. 122 [230 A.2d 18] (1967), *State* v. *Bill*, 146 Conn. 693 [155 A.2d 752] (1959), 53a Conn. Gen. Stat. 12."

[2] The pertinent part of the trial court's instruction on alibi was as follows: "All right. Now, the public defender referred to the word 'alibi' in his summation to you. The word 'alibi' carries with it its ordinary meaning, and you as lay persons are probably already familiar with what it is. It is proof that at the time the crime in question was being committed at

except for the addition of "[s]o if you believe their alibi, then you have to decide whether the state disproved the alibi beyond a reasonable doubt." The defendant claims that the aforesaid sentence shifted the burden of proof concerning alibi from the state to the defendant.

It is the law of this state " 'that a refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance.' " *State* v. *Cooper,* 182 Conn. 207, 211, 438 A.2d 418 (1980). "Our general rule is that '[t]he appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or an exception has been taken immediately after the charge is delivered by the party appealing.' Practice Book §§ 854, 3063; see also Practice Book § 3060F (c) (1) and (2)." *State* v. *Fullwood,* 193 Conn. 238, 259, 476 A.2d 550 (1984). "The purpose of the rule is to alert the court to any claims of error while there is still an opportunity for correction in order to avoid the economic waste and increased court congestion caused by unnecessary retrials." Id., quoting *State* v. *Miller,* 186 Conn. 654, 658, 443 A.2d 906 (1982). The defendant took no exception to the charge, but we will consider it as having been encompassed by the request to charge.

---

one particular place the defendant was elsewhere and thus could not possibly have committed the crime.

"Alibi evidence is always evidence that is inconsistent with the guilt of the accused. It raises a reasonable doubt as to guilt and, therefore, entitles the defendant to an acquittal.

"In the final analysis, the State in addition to its other burden of proving the essential elements of its case beyond a reasonable doubt has also the burden of disproving the alibi evidence beyond a reasonable doubt.

"One of the important issues in this case—Well, to get back to that, the testimony—And I don't mean to emphasize anything—the testimony as to when Mr. Marshall mentioned to his friends he was being accused, the testimony as to when the pictures were looked at—or the photo array, the testimony of the detective when he applied for the warrant or when he saw the defendant to tell him he was a suspect, et cetera.

"Okay. So if you believe their alibi, then you have to decide whether the state disproved the alibi beyond a reasonable doubt."

"To determine whether an error in a charge constitutes reversible error, the court must consider the whole charge. . . . In considering the charge as a whole we eschew critical dissection . . . thereby not passing upon the instructions attached in 'artificial isolation' from the whole charge. . . . The charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict." *State* v. *Reid,* 193 Conn. 646, 660, 480 A.2d 463 (1984), quoting *State* v. *Corchado,* 188 Conn. 653, 660–61, 453 A.2d 427 (1983). After reviewing the charge, we conclude that the law on the defendant's alibi was correctly stated in this case. "The charge read as a whole fairly presented the case to the jury and was correct on the law so that no injustice was done." *Frankovitch* v. *Burton,* 185 Conn. 14, 25, 440 A.2d 254 (1981).

The disputed sentence taken into consideration with the rest of the charge did not shift the burden of proof on alibi to the defendant. The verdict indicates that the jury was satisfied with the victim's account of what took place and her identification of the defendant as the culprit, and that they did not find the alibi evidence credible. These were questions for them to decide, and the evidence abundantly supported their conclusion. *State* v. *White,* supra, 124.

The defendant next claims that the court erred in charging the jury that they mandatorily had to infer specific intent if they found that the act of taking the necklace had occurred beyond a reasonable doubt.[3] Lar-

---

[3] The pertinent part of the court's charge on intent was as follows: "Now, at most times you have to infer intent. It's largely a matter of inference. In this case there isn't the type of defense that said, I didn't mean to do it. It was a mistake or something like that. There is a total denial, an alibi defense. . . . So if you find, in fact, that Professor Yarborough had a necklace or pendant taken, you have to find or make an inference that it was done intentionally. As I said, you also have to find that it was done with the intent of depriving her of her property . . . ."

ceny requires the existence of a felonious intent in the taker to deprive the owner of it permanently. *State* v. *Marra,* 174 Conn. 338, 342, 387 A.2d 550 (1978). "[I]ntention is a mental process, and of necessity it must be proved by the statement or acts of the person whose act is being scrutinized." *State* v. *Jacobowitz,* 194 Conn. 408, 416, 480 A.2d 557 (1984), quoting *State* v. *Mazzadra,* 141 Conn. 731, 735, 109 A.2d 873 (1954). The acts involved here include the seizing of the necklace from the person of the victim and the fleeing from the scene with it.

The defendant, relying on *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979), claims that the trial court's instructions violated his constitutional rights. "In the ordinary case we would refuse to review error claimed in jury instructions which, as here, was not brought to the attention of the trial court. Practice Book §§ 315, 3063. We have, however, previously held that because the type of error claimed falls within the 'exceptional circumstances' rule of *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973), we will reveiw it despite the lack of objection and exception below." *State* v. *Johnson,* 185 Conn. 163, 167, 440 A.2d 858 (1981), aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983).

At the outset, it should be noted that the *Sandstrom* language, "every person is conclusively presumed to intend the natural and necessary consequences of his act," is lacking in our case. The issue presented is whether the court's instructions on intent as an element of the crime charged and on the inferences and presumptions which the state relied upon to prove intent could have been interpreted by the reasonable juror as either a conclusive or a burden-shifting presumption thereby undermining the jury's responsibility as factfinders at trial to find the ultimate facts

beyond a reasonable doubt on the basis of evidence adduced by the state. *State* v. *Arroyo,* 180 Conn. 171, 176, 429 A.2d 457 (1980). "If the court's instructions could have been so interpreted, they deprived the defendant of due process of law and there is error. . . . If, on the other hand, the instructions made it clear that the jurors were permitted but not required to infer criminal intent from the defendant's conduct, then the instructions do not violate the defendant's fourteenth amendment guarantees." (Citations omitted.) Id.

The challenged sentences of the charge, when considered within the context of the court's charge on larceny, its prefatory instructions and circumstantial evidence, and the charge as a whole, could not be reasonably construed to require a conclusive presumption or a shifting of the burden of proof and did not deprive the defendant of his due process right to a fair trial. Furthermore, the defendant apparently did not contest the fact that the offense had been committed, only that he did not participate therein. We find no error in the charge.

The defendant's final claim is that the court erred in permitting a mug shot of the defendant to be admitted into evidence without first eliminating therefrom data pertaining to a prior arrest. In determining whether the trial court has abused its discretion in admitting such evidence, our Supreme Court has held that such photographs are admissible if they are relevant and material and if their probative value outweighs their prejudicial tendency. *State* v. *Peary,* 176 Conn. 170, 175, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d 1072 (1979). Although we must caution against the indiscriminate use of "mug shots" for identification, in light of the circumstances of this case (the defendant testified as to the prior arrest

and the trial court instructed the jury to ignore such prior arrest), we cannot say that the trial court erred in admitting this evidence. See *State* v. *Albin,* 178 Conn. 549, 553, 424 A.2d 259 (1979).

There is no error.

In this opinion the other judges concurred.