STATE OF CONNECTICUT *v.* PEDRO JUAN SANTIAGO
(6672)

BORDEN, DALY and O'CONNELL, Js.

Argued October 13, 1988—decision released January 3, 1989

*Francis Thomas Daley,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *Warren C. Murray,* deputy assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a).[1] He claims that the trial court erred (1) in denying his motion to suppress, (2) in denying his motion for judgment of acquittal, and (3) in instructing the jury on reasonable doubt. We find no error.

The jury could reasonably have found the following facts. On April 24, 1987, at approximately 12:45 p.m., the defendant was operating his motor vehicle on Paradiso Road in Norwalk accompanied by a passenger. The passenger exited from the vehicle near a parked Briggs Tire truck and the defendant drove away. The passenger then removed two tires from the parked truck. The defendant returned to the scene, the passenger placed the tires in the defendant's vehicle and the two drove away. An eyewitness to the incident immediately notified the police.

Within ten minutes, Officer Arthur Lasprogato of the Norwalk police department arrived at the scene of the theft. The eyewitness gave Lasprogato a description of the vehicle, the driver and the passenger, as well

[1] The defendant was also convicted of larceny in the sixth degree in violation of General Statutes § 53a-125b. He has not, however, raised any claims with respect to that conviction.

as the vehicle's license plate number. This information was broadcast to other officers on duty.

Lasprogato proceeded to search the vicinity for the vehicle and the suspects. He found one of the suspects in the vehicle nearby on South Main Street. Lasprogato radioed this information to headquarters and then proceeded to pick up the eyewitness so that he could make an identification of the suspect.

Officer Kenneth Riley was on patrol in the area of South Main Street. In response to the broadcast, he proceeded to the vehicle in question and blocked it with his police cruiser. At that time, the driver and sole occupant of the car was Jaime Richetti. Lasprogato and the eyewitness then arrived at the scene. Riley walked Richetti toward the eyewitness for a possible identification. While the vehicle was unoccupied, it began to roll. The defendant, who prior to this moment had not been observed by the police, ran to the vehicle to attempt to stop it from rolling. At this point, the eyewitness identified the defendant as the driver of the motor vehicle.

While walking back to the vehicle to arrest the defendant on the larceny charge, Riley observed the defendant lean down and place something under the driver's seat. The defendant appeared nervous when he realized Riley had observed him. Riley arrested the defendant while he was seated in the driver's seat of the vehicle and informed Lasprogato that the defendant had placed something under the driver's seat. Lasprogato searched under the driver's seat and found a cellophane bag containing twenty-five smaller cellophane bags filled with a white chunky substance. The defendant was searched at police headquarters, and found to be carrying $829 in cash. State toxicological tests subsequently indicated that the cellophane bags

contained cocaine. The defendant was also charged with possession of narcotics with intent to sell. General Statutes § 21a-277 (a).

The defendant's first claim of error concerns the trial court's denial of his motion to suppress the narcotics seized from his car, which were introduced into evidence. He claims that the narcotics should have been suppressed as the product of an unconstitutional search and seizure under the fourth and fourteenth amendments to the United States constitution.[2] We disagree.

The defendant contends that because he was initially arrested on the larceny charge, the search incident to his arrest should have been limited in scope to his person and to those areas where the stolen tires could have been hidden. The state argues in response that the search and seizure was valid because it was conducted contemporaneously with a lawful arrest.

"[A] search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specially established and well delineated exceptions. *State* v. *Badgett*, 200 Conn. 412, 423, 512 A.2d 175 (1986), cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1987). It is the state's burden at trial to establish the exception. Id., 424." *State* v. *Lizotte*, 11 Conn. App. 11, 17, 525 A.2d 971, cert. denied, 204 Conn. 806, 528 A.2d 1154 (1987). In denying the motion to suppress, the trial court held that the warrantless search of the vehicle was justified as a search incident to a lawful arrest. See *New York* v. *Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981).

"The search incident to an arrest exception . . . 'has traditionally been justified by the reasonableness of

---

[2] The defendant has raised this claim under the federal constitution only. We therefore decline to undertake a separate analysis under our state constitution. See generally *State* v. *Mercer*, 208 Conn. 52, 67 n.9, 544 A.2d 611 (1988).

searching for weapons, instruments of escape and evidence of crime when a person is taken into custody and lawfully detained. *United States* v. *Robinson,* [414 U.S. 218, 234, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)].' *United States* v. *Edwards,* [415 U.S. 800, 802–803, 94 S. Ct. 1234, 39 L. Ed. 2d 771 (1974)]." *State* v. *Copeland,* 205 Conn. 201, 210, 530 A.2d 603 (1987). In *New York* v. *Belton,* supra, 461, the United States Supreme Court held that a lawful custodial arrest justifies a contemporaneous search of the entire passenger compartment of an automobile, whether or not the arrestee actually had control over the area. Bearing in mind the above standards, we do not agree that a search incident to an arrest must be limited to evidence of the crime for which a defendant is initially arrested.

Evidence adduced at the suppression hearing indicated that, prior to his arrest on the larceny charge, the defendant made a furtive move toward the floor space of the driver's seat. Riley testified that, while he did not know what the defendant had placed under the seat, he believed that it could have been a weapon. Given these factors, we conclude that the officers acted reasonably in searching for the suspected presence of a weapon. "An officer should not be made to choose between his own safety and what could later be construed as an illegal search and seizure." *State* v. *Escobales,* 16 Conn. App. 272, 276, 547 A.2d 553 (1988). We conclude that the bag containing the narcotics was seized as a result of a valid search and incident to a lawful custodial arrest. The motion to suppress was correctly denied by the trial court.

The defendant next claims error in the trial court's denial of his motion for judgment of acquittal.[3] Specifically, he claims that there was insufficient evidence

---

[3] The defendant has raised two separate issues under this claim. The issues are so connected, however, that they are being considered together.

as to his possession of the drugs in the motor vehicle and, hence, his motion should have been granted. We disagree.

In determining whether the evidence is sufficient to sustain a verdict, " 'the issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. . . .' Each essential element of the crime charged must be established by such proof . . . and although it is within the province of the jury to draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture." (Citations omitted.) *State* v. *Cosgrove,* 181 Conn. 562, 585, 436 A.2d 33 (1980). "In order to prove illegal possession of a narcotic substance, it is necessary to establish that the defendant knew the character of the substance, knew of its presence and exercised dominion and control over it. . . . Where the defendant is not in exclusive possession of the premises where the narcotics were found, 'it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference. . . .' " (Citations omitted.) *State* v. *Alfonso,* 195 Conn. 624, 633, 490 A.2d 75 (1985); see also *State* v. *Williams,* 12 Conn. App. 225, 235, 530 A.2d 627 (1987).

It is clear from the evidence that the defendant was not in exclusive possession of the vehicle where the narcotics were found. There were, however, other incriminating circumstances that support the inference that the defendant constructively possessed the narcotics. It is undisputed that the defendant is the owner of the vehicle in which the cocaine was found. The defendant was identified as the driver of the vehicle twenty-

five minutes before the police found the cocaine. While Richetti was in the driver's seat of the defendant's vehicle when the police first arrived at the scene, the police did not observe Richetti make any movements toward the floor area under the driver's seat. The police did, however, observe the defendant place something under the driver's seat. On the basis of this evidence, we conclude the trial court did not err in denying the motion for judgment of acquittal.

The defendant's final claim is that the trial court erred in its instruction to the jury. The trial court charged the jury as follows: "If you find the state has proven, beyond a reasonable doubt, each one and all the elements of this offense—that he possessed it—that he did it knowingly—and, that he possessed it with the intent to sell—and that it was a narcotic substance, you must find the defendant guilty. If, on the other hand, you do not so conclude, then you must find the defendant not guilty." The defendant claims that the use of the word "must" rendered the charge the equivalent of a directed verdict of guilty. This claim is without merit.

" 'To determine whether an error in a charge constitutes reversible error, the court must consider the whole charge. . . . In considering the charge as a whole we eschew critical dissection . . . thereby not passing upon the instructions attacked in "artificial isolation" from the whole charge. . . . The charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict.' " *State* v. *Reddick,* 15 Conn. App. 342, 351–52, 545 A.2d 1109 (1988), quoting *State* v. *Marshall,* 3 Conn. App. 126, 129, 485 A.2d 930 (1985).

A directed verdict results when a court instructs the jury to find the defendant guilty of a particular charge. The use of the word "must" is not tantamount to a

directed verdict. It is not even a functional equivalent. See *State* v. *Ragland,* 105 N.J. 189, 202, 519 A.2d 1361 (1986).

The use of the word "must" in such an instruction has passed scrutiny in our Supreme Court. See *State* v. *Storlazzi,* 191 Conn. 453, 466 n.9, 464 A.2d 829 (1983); *Crawford* v. *Warden,* 189 Conn. 374, 382 n.2, 456 A.2d 312 (1983). While the court did not consider this exact issue, it did hold that "[t]he instructions, read in their entirety, did not direct or advise the jury how to decide the matter . . . ." *State* v. *Storlazzi,* supra, 467.

The trial court repeatedly instructed the jury that it was the exclusive factfinder; that, unless each element of the crime was proven beyond a reasonable doubt, it must return a verdict of not guilty; and that it was its responsibility to determine whether each element of the crime was proven beyond a reasonable doubt. Examining the charge in its entirety, we hold that the challenged instructions did not direct the jury how to decide the defendant's guilt or innocence.

There is no error.

In this opinion the other judges concurred.