[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS EVIDENCE
Introduction
On October 3, 1998, officers of the New Haven Police Department searched a black Jaguar automobile being operated by the defendant, Keith Edwards ("Edwards"). At the time of the search of the black Jaguar, the officers were in possession of search warrants for (1) Edwards' person, (2) a cream colored Jaguar automobile, and (3) the premises known as 227 Fairfield Street, apartment L-2 in New Haven (hereinafter 227 Fairfield Street). During the search of the vehicle, the police removed the center hub from the Jaguar's steering wheel and discovered a quantity of cocaine. Edwards was thereafter arrested for various narcotic offenses. Edwards has moved to suppress the cocaine seized in the search of the black Jaguar. Hearings on the motion were conducted over two days during which the court heard testimony concerning the preparation and execution of the search warrants as well as Edwards occupancy of the 227 Fairfield Street apartment during late September and early October 1998. For the reasons set forth herein, the motion to suppress is granted.
Edwards relies on two grounds in support of his motion to suppress. First, he asserts that the affidavits supporting the search warrant applications for 227 Fairfield Street, the cream colored Jaguar and Edwards' person, contained knowingly intentional falsehoods or statements made with reckless disregard for the truth in violation of Franks v. Delaware, 438 U.S. 154
(1978). Specifically, Edwards claims that the information in the affidavits regarding persons arriving at and then quickly leaving the apartment at 227 Fairfield Street (in a manner that the officers believed was consistent with buying narcotics) and the information detailing a controlled purchase of narcotics by a confidential informant from Edwards at the apartment, was false. Edwards offered evidence that he moved out of 227 Fairfield Street on September 28, 1998, prior to the time of the police surveillances and the controlled buy. Second, Edwards claims that the seizure of the cocaine from under the steering wheel hub of the black Jaguar exceeded the permissible limits of a Terry-type CT Page 9887 search.[1]
The state claims that Edwards has not met his burden to prove the Franks claims because the evidence does not exclude the possibility that he could have retained the key and returned to the premises at 227 Fairfield Street after his belongings were moved out and been their during the police surveillances recited in the affidavit. Moreover, the state claims that even if the challenged portions of the affidavit were excluded, the affidavit still provides probable cause to support the issuance of the search warrants. As to the search of the black Jaguar, the state makes two claims: first, the Edwards has not established his standing to raise a suppression claim as to that vehicle; and second, that the warrantless search of the car was a protective search for weapons and therefore lawful.
Discussion
A. Franks claim
It is unnecessary to decide the Franks claim because, even resolving all of the disputed issues in favor of the state, the search of the black Jaguar was overbroad.
B. Terry Claim
1. Standing
The 1989 black Jaguar that was the subject of the search on October 8, 1998 was owned by Edwards' father. Edwards had been driving the car for several months. The Jaguar had been in the repair shop for seven months due to front end damage. Edwards paid the repair bill. Edwards used the car with his father's permission.
The state claims that the father's ownership of the car and the father's payment of the car taxes and insurance, precludes Edwards from having a reasonable expectation of privacy in the car.
Ownership of the area searched is not a prerequisite for invoking fourth amendment protection. Katz v. United States,389 U.S. 347 (1967). The question is whether Edwards had a reasonable expectation of privacy in the black Jaguar. Rakas v. Illinois,439 U.S. 128, 143 (1978). Edwards had possession of the car at CT Page 9888 the time of the search. His possession was with the permission of the car's owner. Unlike a passenger or someone who borrows a car for a brief period, Edwards possession was on a continuous basis. He also had paid for repairs on the vehicle. Based on this evidence, the court finds that Edwards has sustained his burden to prove standing to object to the search of the black Jaguar.
2. Search of black Jaguar
As stated above, the state claims that the circumstances presented to the police when they detained the defendant on October 8, 1998 justified a protective search of the passenger compartment for weapons and, while conducting such a protective search, the cocaine was discovered. Edwards was in the black Jaguar on Dixwell Avenue when the police detained him. The police had a search warrant for Edwards person and for a cream colored Jaguar. Sargent David Taft' searched the passenger compartment of the black Jaguar. Sargent Taft believed that the search warrant for the cream colored Jaguar gave the police authority to search the black Jaguar. The search warrant for the cream colored Jaguar authorized the seizure of numerous items including cocaine, money and drug paraphernalia in addition to weapons. During the search, Sargent Taft removed the cover to the steering wheel hub and discovered the cocaine.
Notwithstanding the warrant and probable cause requirements of the Fourth Amendment to the United States Constitution, certain seizures are reasonable even in the absence of probable cause if there is a reasonable and articulable suspicion that a person has committed or is about to commit a crime. Florida v.Royer, 460 U.S. 491, 498 (1983); Terry v. Ohio, 392 U.S. 1
(1968); State v. Wilkins, 240 Conn. 489, 495 (1997). When a reasonable and articulable suspicion exists, the detaining officer may conduct an investigative stop of the suspect in order to confirm or dispel the officers suspicions. Terry v. Ohio,
supra, 392 U.S. 4. During the course of a lawful investigatory detention, if the officer reasonably believes that the detained individual might be armed and dangerous, the officer may undertake a patdown search of the individual to discover weapons.State v. Williams, 157 Conn. 114, 118-119 (1968), cert. denied395 U.S. 927 (1969). In addition, an officer conducting a Terry
stop of an automobile may search the passenger compartment of the automobile for weapons, limited to areas where the weapons might be hidden, if he or she reasonably believes the subject is potentially dangerous. Michigan v. Long, 463 U.S. 1032, 1049
CT Page 9889 (1983); State v. Wilkins, supra, 496. Such searches, however, must go no further than a limited search for weapons. Sibron v.New York, 392 U.S. 88 (1968).
The state has conceded that the search warrant for the cream colored Jaguar did not provide probable cause to search the black Jaguar. As noted above, the state claims that notwithstanding the lack of a warrant or probable cause, the circumstances permitted a warrantless protective search for weapons. The police, however, did not make that distinction. The officer in charge of the search, Sargent Taft, believed that the warrant he possessed did authorize a search of the black Jaguar. His search of the car was not just for weapons, but for everything listed in the warrant.
Unlike the defendant in State v. Wilkins supra, Edwards did not engage in provocative or furtive movements. Nevertheless, the investigation detailed in the warrant affidavit gave the police a reasonable suspicion that he might be armed. They therefore were allowed to do a limited protective search of the passenger compartment of the car for weapons. The police, however, did more than this — they executed a full-blown search. In the process, they removed the cover for the steering wheel hub and found cocaine. Such a search is overbroad and beyond the permissible scope of Terry. See Michigan v. Long, supra 1049 n. 14 (search must be for weapons, it cannot be justified by a police interest in preserving evidence).
The state correctly points out that the cases support the ability of the police to ensure their safety during contact with persons suspected of criminal activity by making sure that suspects do not have ready access to weapons.[2] State v.Santiago, 17 Conn. App. 273, 277 (1989). Notwithstanding this appropriate feature of the law, there is a line between a limited search for weapons (for which no warrant or probable cause is required), and a search for contraband and evidence that requires a warrant supported by probable cause or a recognized warrant exception. In this case, the search impermissibly crossed that line.
For the reasons set forth above, the motion to suppress is granted.
So Ordered at New Haven, Connecticut this 29th day of July, 1999.
Devlin, J. CT Page 9890