JOSEPH TURCIO *v.* JOHN R. MANSON, COMMISSIONER OF CORRECTION

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued October 14, 1981—decision released January 5, 1982.

*A. Susan Peck,* with whom, on the brief, was *Hubert J. Santos,* for the appellant (plaintiff).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

SPEZIALE, C. J. This is an appeal from the dismissal by the trial court of a petition for a writ of habeas corpus. The petitioner was tried to a jury and convicted of the crimes of felony murder in violation of § 53a-54c of the General Statutes, assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and robbery in the first degree in violation of General Statutes § 53a-134 (a) (1); and he was sentenced to an effective term of imprisonment of seventeen and one-half years to life. The petitioner appealed these convictions to this court, which found no error. *State* v. *Turcio,* 178 Conn. 116, 422 A.2d 749 (1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 661, 62 L. Ed. 2d 642 (1980). By the present action the petitioner raises a claim of constitutional error which was not raised in the prior appeal. The petitioner maintains that the instructions given to the jury in his trial violated the rule of *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979), and, therefore, he is entitled to a new trial.

In numerous recent cases this court has considered jury instructions alleged to violate the rule of *Sandstrom. State* v. *Johnson,* 185 Conn. 163, 166–72, 440 A.2d 858 (1981); *State* v. *Stankowski,* 184 Conn. 121, 148–53, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981); *State* v. *Brokaw,* 183 Conn. 29, 33–34,

438 A.2d 803 (1981); *State* v. *Truppi,* 182 Conn. 449, 452–65, 438 A.2d 723 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981); *State* v. *Nemeth,* 182 Conn. 403, 411, 438 A.2d 120 (1980); *State* v. *Theriault,* 182 Conn. 366, 375–80, 438 A.2d 432 (1980); *State* v. *Vasquez,* 182 Conn. 242, 245–53, 438 A.2d 424 (1980); *State* v. *Maselli,* 182 Conn. 66, 70–74, 437 A.2d 836 (1980), cert. denied, 449 U.S. 1083, 101 S. Ct. 868, 66 L. Ed. 2d 807 (1981); *State* v. *Perez,* 181 Conn. 299, 311–16, 435 A.2d 334 (1980); *State* v. *Ruth,* 181 Conn. 187, 200–201, 435 A.2d 3 (1980); *State* v. *Arroyo,* 180 Conn. 171, 173–81, 429 A.2d 457 (1980); *State* v. *Harrison,* 178 Conn. 689, 693–99, 425 A.2d 111 (1979).   In each of these cases the *Sandstrom* issue was raised on direct appeal.  In the present case, however, the issue was not raised on direct appeal but in a habeas corpus action initiated subsequent to the conclusion of the petitioner's direct appeal.

This court has repeatedly stated that in a habeas action in which a claim of error is first raised, the petitioner must allege and prove in the trial court that there has not been a deliberate bypass of the orderly procedure of a direct appeal to this court. *McClain* v. *Manson,* 183 Conn. 418, 427–33, 439 A.2d 430 (1981); *Cajigas* v. *Warden,* 179 Conn. 78, 80, 425 A.2d 571 (1979); *Blue* v. *Robinson,* 173 Conn. 360, 369–70, 377 A.2d 1108 (1977); *Vena* v. *Warden,* 154 Conn. 363, 366–67, 225 A.2d 802 (1966).   In the present action the petitioner made the proper allegation[1] in his amended petition and the trial court found that there had been no deliberate

---

[1] Paragraph four of the petitioner's amended application for a writ of habeas corpus alleges: "The issue raised by the instant habeas corpus application was not raised on direct appeal after applicant's conviction for the reason that the case of *Sandstrom* v. *Montana,* [442] U.S. [510], 99 S. Ct. 2450, 61 L. Ed. 2d 39 (June 18,

bypass. While the United States Supreme Court announced its decision in *Sandstrom,* supra, prior to this court's decision on the petitioner's direct appeal, *State* v. *Turcio,* supra, *Sandstrom* was decided more than five months after oral argument on the petitioner's appeal and only eight days before the release of this court's opinion.[2] In view of the closeness in time of the *Sandstrom* decision and this court's decision on the petitioner's direct appeal, we agree with the trial court's conclusion that the petitioner's failure to raise the *Sandstrom* issue on appeal did not constitute a deliberate bypass of the appellate process.

The petitioner claims that the instructions given to the jury, which included the statement "[e]very person is conclusively presumed to intend the natural and necessary consequences of his acts," violated the rule of *Sandstrom,* supra. Recently this court considered jury instructions containing virtually identical language in *State* v. *Johnson,* supra. The type of error being claimed has been held by this court to fall within the "exceptional circumstances" rule of *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973), and, therefore, may be considered notwithstanding the petitioner's failure to object or take exception during trial. *State* v. *Johnson,* supra, 167; *State* v. *Vasquez,* supra, 245–46; *State* v. *Maselli,* supra, 70; *State* v. *Perez,* supra, 311; *State* v. *Arroyo,* supra, 173–74.

1979) was not decided by the Supreme Court of the United States until six [sic] days before applicant's conviction was affirmed by the Connecticut Supreme Court."

[2] The decision in *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979), was dated June 18, 1979. Oral argument on the petitioner's direct appeal to this court was heard on January 9, 1979, and the court's decision was released on June 26, 1979. *State* v. *Turcio,* 178 Conn. 116, 422 A.2d 749 (1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 661, 62 L. Ed. 2d 642 (1980).

In *Sandstrom* v. *Montana,* supra, the United States Supreme Court held that a jury instruction that " '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts' " violated the defendant's due process rights because a reasonable jury could have interpreted the instruction as a burden-shifting presumption like that invalidated in *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), or as a conclusive presumption like those invalidated in *United States* v. *United States Gypsum Co.,* 438 U.S. 422, 98 S. Ct. 2864, 57 L. Ed. 2d 854 (1978), and *Morissette* v. *United States,* 342 U.S. 246, 72 S. Ct. 240, 96 L. Ed. 288 (1952). *Sandstrom,* supra, 517–24. This court has stressed, however, that the rule of *Sandstrom* must not be oversimplified. *State* v. *Johnson,* supra, 167; *State* v. *Arroyo,* supra, 175. *Sandstrom* does not invalidate, for example, an "entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant." *Ulster County Court* v. *Allen,* 442 U.S. 140, 157, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979); *State* v. *Arroyo,* supra, 175. It is not the use of the word "presume" itself which renders an instruction invalid; *State* v. *Arroyo,* supra; rather it is the "lack of qualifying instructions as to the legal effect of the presumption," making it possible for a reasonable jury to interpret the presumption in an unconstitutional manner. *Sandstrom,* supra, 517. On many occasions this court has found no error in instructions containing language similar to that invalidated in *Sandstrom* because the challenged instructions contained other language not present in the *Sandstrom*

instructions which was sufficiently precise or elaborate to prevent the jury from applying the instructions in an unconstitutional manner. *State* v. *Stankowski,* supra, 152; *State* v. *Truppi,* supra, 462–65; *State* v. *Nemeth,* supra, 411; *State* v. *Vasquez,* supra, 247–53; *State* v. *Maselli,* supra, 70–74; *State* v. *Perez,* supra, 315; *State* v. *Arroyo,* supra, 179–80.

In *State* v. *Johnson,* supra, this court considered for the first time jury instructions which, as in the present case, stated that "every person is *conclusively presumed* to intend the natural and necessary consequences of his act." (Emphasis added.) We concluded that such an instruction was invalid under *Sandstrom* because it was an express conclusive presumption. *State* v. *Johnson,* supra, 170–71. Such a presumption, which is not ambiguous as to how it is to be interpreted, cannot itself be cured by the precise, elaborate, and highly permissive language which would normally cure an otherwise ambiguous use of the word "presume."[3] Id. We also held, however, that the use of the erroneous conclusive presumption in connection with one part of instructions regarding multiple counts does not necessarily invalidate the specific instructions given on each count. Id., 170–76. The dispositive consideration is whether the erroneous language was incorporated by reference and, if not, whether the specific instruction itself contained sufficiently precise and elaborate instructions regarding intent to prevent the jury from determining intent in an unconstitutional manner.

---

[3] We do not here decide, nor was it decided in *State* v. *Johnson,* 185 Conn. 163, 440 A.2d 858 (1981), that there can be no language or other circumstances which could operate to cure an intent instruction containing the phrase "conclusively presume."

The instructions given at the petitioner's trial concerned three counts, each of which had an element of specific criminal intent.[4] The challenged and erroneous conclusive presumption was expressly used only in the instructions on the first count. The language, however, was incorporated by reference in the instructions on the other two counts and was repeated to the jury in response to a question regarding intent after deliberation had begun. Because the instructions on intent in all three counts were invalid, the convictions on each must be set aside. *Sandstrom,* supra; *State* v. *Johnson,* supra. The gravity of this error becomes readily apparent when we take into consideration the fact that the petitioner's only defense at trial was that he was unable to form the necessary specific criminal intent because of drug-induced intoxication.

There is error, the judgment is set aside and the case is remanded with direction to grant the writ of habeas corpus, set aside the convictions, and order a new trial.

In this opinion the other judges concurred.

---

[4] The second count, assault in the first degree, § 53a-59 (a) (1), has an express intent element. One of the elements of the third count, robbery in the first degree, § 53a-134 (a) (1), is that the accused commit a larceny. The crime of larceny contains an element of specific intent. General Statutes § 53a-119. Under the facts of this case the first count, felony murder, § 53a-54c, incorporated the intent element of larceny because the murder charge was predicated upon a killing which occurred during a robbery.