STATE OF CONNECTICUT *v.* VINCENT PINA

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued January 12—decision released February 9, 1982

---

*Stephen F. Donahue,* for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Eugene J. Callahan,* assistant state's attorney, for the appellee (state).

PER CURIAM. After a jury trial, the defendant was convicted of the crimes of attempted murder in violation of General Statutes §§ 53a-54a, 53a-49, attempted robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2), 53a-49, and carrying a pistol without a permit in violation of General Statutes § 29-35. The defendant has appealed, claiming only that the trial court's instructions to the jury on intent violated the rule of *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979).

The jury could reasonably have found the following facts: On March 25, 1977, the defendant entered the Beneficial Finance Office in Danbury and pointed a gun at the assistant manager. After failing to obtain any cash, the defendant fled the scene and was chased by a Danbury police officer. During an exchange of gunfire both the police officer and the defendant were wounded and the defendant was captured. The defendant admitted the attempted robbery and the fact that he had fired at the police officer, but claimed he had no intention to kill.

The court's instructions on intent included the statement "[e]very person is presumed to intend the natural consequences of his act." In *Sandstrom* v. *Montana,* supra, the United States Supreme Court held that a jury instruction that " '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts' " violated the defendant's due process rights because a reasonable jury could have interpreted the instruction as a burden-shifting presumption like that invalidated in *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), or as a conclusive presumption like those invalidated in *United States* v. *United States Gypsum Co.,* 438 U.S. 422, 98 S. Ct. 2864, 57 L. Ed. 2d 854 (1978), and *Morissette* v. *United States,* 342 U.S. 246, 72 S. Ct. 240, 96 L. Ed. 288 (1952). *Sandstrom* v. *Montana,* supra, 517–24. Although the instruction language in this case is similar to the instruction found erroneous in *Sandstrom* v. *Montana,* supra, the rule of *Sandstrom* may not be oversimplified. See *State* v. *Arroyo,* 180 Conn. 171, 175, 429 A.2d 457 (1980). *Sandstrom* does not invalidate, for example, an " 'entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' *Ulster County Court* [v. *Allen,* 442 U.S. 140, 157, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979)]." *State* v. *Arroyo,* supra, 175. The use of the word "presume" does not itself render an instruction invalid; *State* v. *Arroyo,* supra, 175; rather it is the "lack of qualifying instructions as to the legal effect of the presumption," making it possible for a reasonable jury to interpret the use of the word "presume" in an unconstitutional manner. *Sandstrom* v. *Montana,* supra, 517.

On many occasions this court has found no error in instructions containing language similar to that invalidated in *Sandstrom* because the challenged instructions contained other language not present in the *Sandstrom* instructions which was sufficiently precise or elaborate to prevent the jury from applying the instructions in an unconstitutional manner. *State* v. *Stankowski,* 184 Conn. 121, 148–53, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981); *State* v. *Brokaw,* 183 Conn. 29, 34, 438 A.2d 815 (1981); *State* v. *Truppi,* 182 Conn. 449, 452–59, 438 A.2d 713 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981); *State* v. *Nemeth,* 182 Conn. 403, 411, 438 A.2d 120 (1980); *State* v. *Vasquez,* 182 Conn. 242, 249–53, 438 A.2d 424 (1980); *State* v. *Maselli,* 182 Conn. 66, 75–78, 437 A.2d 836 (1980), cert. denied, 449 U.S. 1083, 101 S. Ct. 868, 66 L. Ed. 2d 807 (1981); *State* v. *Perez,* 181 Conn. 299, 311–16, 435 A.2d 334 (1980); *State* v. *Arroyo,* 180 Conn. 171, 173–81, 429 A.2d 457 (1980). The instructions in this case contained the same type of elaborate and precise language which cured the otherwise ambiguous use of "presume" and prevented the jury from applying the instructions in an unconstitutional manner.[1]

There is no error.

---

[1] The court's instructions on intent included the following: "Now, ladies and gentlemen, in both of the crimes alleged here, that is attempted robbery and attempted murder, the statutes require intent. So, I am giving to you some instructions with regard to intent. It is a mental process. A person's intention *may be inferred from his conduct.* Every person is presumed to intend the natural consequences of his act. It is often impossible and never necessary to prove criminal intent by direct evidence. Ordinarily, intent can be proved only by circumstantial evidence. What a person's purpose

or intention has been *is necessarily very largely a matter of infer-ence.* No person can be expected to come in here and testify that he looked into another person's mind and saw therein a certain purpose or intention. The only way in which a jury can determine what a person's purpose or intention was at any given moment, aside from that person's own testimony, is by determining what the circumstances were surrounding that conduct and from those *infer what his purpose or intention was.* To draw such an *inference* is not only the privilege of the jury, but it is also your duty provided, of course, *the inference drawn is a reasonable one.* In this case therefore it would be part of your duty to draw *all reasonable inferences* from the conduct of the accused in the light of the surrounding circumstances *as to what purpose or intention was in his mind at various times."* (Emphasis added.)