STATE OF NORTH CAROLINA v. EDDIE GOODWIN

No. 8220SC340

(Filed 7 December 1982)

**Criminal Law § 163— jury instructions—failure to object before jury delibera-**
**tions—inability to assign error to jury charge**

> Where defendant was given an opportunity by the trial judge specifically
> to object to the charge and he did not object thereto and state distinctly his
> objections before the jury began its deliberations, defendant could not, on ap-
> peal, assign as error any portion of the jury charge. App. Rule 10(b)(2).

Judge BECTON concurring in the result.

APPEAL by defendant from *Collier, Judge.* Judgment entered
19 November 1981 in Superior Court, UNION County. Heard in
Court of Appeals 19 October 1982.

Defendant was charged in a proper bill of indictment with
feloniously burning a 1975 Cadillac automobile with the specific
intent "to injure or prejudice the insurer of the property, to wit:
State Farm Mutual Automobile Insurance Company, a corpora-
tion."

Defendant pleaded not guilty but was found guilty as
charged. From a judgment imposing a prison sentence of not less
than three years nor more than five years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy At-*
*torney General Lester V. Chalmers, Jr. for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate*
*Defender Ann B. Petersen for the defendant, appellant.*

HEDRICK, Judge.

The only assignment of error brought forward and argued in
defendant's brief is as follows:

> The Court erred in instructing the jury that the obtaining of
> insurance proceeds by the burning of a vehicle would be
> specific intent to injure or prejudice the State Farm In-
> surance Company, in that the instruction given was er-
> roneous and amounted to a conclusive presumption on an

element of the offense, thereby depriving the defendant of his rights to trial by jury and due process of law.

The portion of Appellate Rule 10(b)(2) pertaining to the defendant's assignment of error is as follows:

*Jury Instructions; Findings and Conclusions of Judge.* No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

The record of defendant's trial discloses the following at the conclusion of the instruction to the jury:

COURT: Gentlemen, before sending the verdict form to the jury and allowing them to begin their deliberations, I will now consider any requests for corrections to the charge to the jury or any additional matters if anyone feels is necessary or appropriate to submit a proper and accurate charge to the jury. Are [there] any specific requests for corrections or additions to the charge?

MR. CHURCH [prosecuting attorney]: No.

MR. HARRINGTON [defendant's counsel]: No, sir.

COURT: Hand them the verdict form and let them begin their deliberations without any comment.

In our opinion the defendant may not now assign as error any portion of the jury charge since, having been given an opportunity by the trial judge specifically to object, he did not object thereto and state distinctly his objections before the jury began its deliberations. We hold the defendant had a fair trial free from prejudicial error.

No error.

Judge WEBB concurs.

Judge BECTON concurs in the result.

Judge BECTON, concurring in the result.

Although concluding that "defendant had a fair trial free from prejudicial error," ante, p. 3, the majority has effectively dismissed defendant's appeal because defendant's trial counsel failed to comply with our relatively new contemporaneous objection rule, Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure.[1] Believing that the challenged instruction in this case was not prejudicial and that our contemporaneous objection rule should not be applied mechanically and literally in every case in which trial counsel fails specifically to bring error to the trial court's attention before the jury retires, I write this concurring opinion.

I

In explaining to the jury the elements of the offense, the trial court instructed the jury as follows:

> I charge that for you to find the defendant guilty of setting fire or burning personal property with the intent to injure or prejudice, the State must prove three things beyond a reasonable doubt. First, that the defendant intentionally set fire to or burned a 1975 Cadillac Limousine automobile; second, that the defendant did so wantonly and wilfully; and third, that the defendant did so with the specific intent to injure or prejudice State Farm Insurance Company. *The obtaining of insurance proceeds by the burning of a vehicle would be a specific intent to injure or prejudice the State Farm Insurance Company,* if you find that to be a fact from the evidence and beyond a reasonable doubt. [Emphasis added.]

The challenged instruction is not a model of clarity. The portion italicized, fairly interpreted, tells the jury that the burning of a vehicle in order to obtain insurance proceeds would be a specific intent to injure or prejudice State Farm Insurance Company. Further, when considered in context, the challenged instruction does not direct the jury to find that defendant specifically intended to injure or prejudice State Farm Insurance Company once the jury

---

1. The amendment to Rule 10 is applicable to trials which began on or after 1 October 1981.

has found that insurance proceeds were obtained. It must be remembered that defendant could not obtain insurance proceeds by burning his brother's car because he had no interest in the insurance policy or proceeds. The instruction, taken as a whole, informed the jury that if it found that the defendant burned his brother's car with the intent that his brother collect insurance proceeds, then the defendant's intent would be an unlawful intent to injure or prejudice the insurance company. In this respect, defendant's trial was free from prejudicial error.

## II

Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure, as amended, provides:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the ground of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

I do not believe it was intended for this Rule to be an unequivocal bar to appellate review in all cases when there is no objection in the trial court to jury instructions. Experience tells us that trial lawyers are often drained physically after closing arguments and are, thereby, less able to listen attentively to the trial court's instructions. Should we dismiss a defendant's case when the trial counsel, for example, fails to object to a trial judge's instruction that directs the jury to find defendant guilty? I think not.

When erroneous instructions affect the substantial rights of the defendant, they are sufficiently important to be the subject of appellate review even in the absence of an objection. And, there is nothing novel about this position. It is called "plain error" by the federal courts[2] and by courts in other states. The Commentary to Appellate Rule 10 states that the amendment "will make North Carolina's procedure for reviewing alleged errors in the jury charge similar to that of the federal courts and many, if not most, of the other states including Connecticut, Florida, Indiana,

---

2. *See* Rule 52(b) of the Federal Rules of Criminal Procedure.

---

*State v. Goodwin*

---

Massachusetts, Michigan, New Jersey, New York, Ohio, Texas and South Carolina."

Rule 30 of the Federal Rules of Criminal Procedure is similar to our Rule 10(b)(2). It, too, states, without apparent exception, that there will be no appellate review of instruction errors in the absence of an objection. The federal rule, however, has never been applied mechanically or literally. When the trial court's action affects the defendant's substantial rights resulting in a miscarriage of justice, the "plain error" rule will be invoked. *See,* for example, *United States v. Gambina,* 564 F. 2d 22, 24 (8th Cir. 1977) and *United States v. Musquiz,* 445 F. 2d 963, 966 (5th Cir. 1971). *See also* Fed. R. Crim. P. 52(b).

Equally significant, every state mentioned in the Commentary to the Rule 10 amendment provides for some form of appellate review for unobjected to instruction error in spite of an unequivocally stated contemporaneous objection rule.[3]

Believing that Rule 10 should be interpreted to permit appellate review of plain error in the absence of a contemporaneous objection at trial, I cannot concur in the majority's suggestion that defendant waived his right to have his assignment of error considered. Having considered defendant's assignment of error, I concur in the stated result: No error.

---

3. *See State v. Evans,* 165 Conn. 61, 327 A. 2d 576 (1973); *Turcio v. Manson,* 186 Conn. 1, 439 A. 2d 437 (1982); *State v. Jones,* 377 So. 2d 1163 (Fla. 1979); *Webb v. State,* 259 Ind. 101, 284 N.E. 2d 812 (1972); *Commonwealth v. Fitzgerald,* 80 Mass. Adv. Sh. 1433, 406 N.E. 2d 389 (1980); *People v. Hall,* 77 Mich. App. 528, 258 N.W. 2d 547 (1977); *State v. Begyn,* 58 N.J. Super. 185, 156 A. 2d 15, *aff'd* 34 N.J. 35, 167 A. 2d 161 (1959); *People v. McLucas,* 15 N.Y. 2d 167, 204 N.E. 2d 846 (1965); *State v. Gideons,* 52 Ohio App. 2d 70, 368 N.E. 2d 67 (1977); and *State v. Griffin,* 129 S.C. 200, 124 S.E. 81 (1924).