State v. Squalls

---

STATE OF NORTH CAROLINA v. CORNELIUS SQUALLS, JR.

No. 8212SC1237

(Filed 20 December 1983)

1. **Burglary and Unlawful Breakings § 5.2— burglary in second degree—evidence of "nighttime" sufficient**

   In a prosecution for second degree burglary, the evidence was sufficient to show that the breaking and entry occurred in the nighttime where it tended to show that after 9:00 o'clock at night in January, defendant was in the process of loading his car with a television set stolen from the house, and where defendant's own testimony was that he was attracted to the scene by the house's lights.

2. **Burglary and Unlawful Breakings § 7— second degree burglary—failure to instruct on lesser included offenses proper**

   In a prosecution for second degree burglary, the trial judge properly failed to instruct on the lesser included offenses of felonious breaking and entering and misdemeanor breaking and entering since no basis existed for a lesser included offense charge, and since pursuant to Rule 10(b)(2) of the Rules of Appellate Procedure, defendant waived his right to such instructions by answering negatively when the court twice asked defense counsel if any further instructions were requested.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 30 June 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 19 September 1983.

After trial, defendant, indicted for burglary in the second degree and felonious larceny, was found guilty as charged.

The evidence tended to show that: About 7:45 o'clock Wednesday morning, January 27, 1982, Mr. Thomas J. Bradshaw, Jr. locked all the doors to his home in Fayetteville and left for work, and when he returned home that night about 9:20 o'clock, the lights were on, a strange car was backed up to his garage,

and an object three or four feet wide and high, covered with a blanket, was in the front yard. Bradshaw tried to block the driveway with his car, but the other car suddenly drove across the front yard into the street, and Bradshaw followed in his car until the other vehicle wrecked, over eight miles away. A man jumped from the passenger side of the wrecked car and fled, but before the defendant driver could get away, Bradshaw trained his .357 Magnum on him and kept him there under surveillance until a deputy sheriff came. A portable television of Bradshaw's that was in his bedroom that morning was in the back seat of the wrecked car. Upon Bradshaw, the deputy sheriff, and the defendant going to Bradshaw's home, they found that the object under the blanket in the front yard was Bradshaw's other television set, which was in the den when he left home that morning. They also noted that the glass windowpane next to the doorknob of the door to the den had been broken out.

Defendant testified that: He was in the neighborhood looking for a friend, and upon seeing lights at the Bradshaw residence, drove up and knocked on the door; an unknown black male answered, told defendant he was in the process of taking a couple of television sets to his mother's house, and asked defendant to give him a ride; and when Bradshaw pulled into the driveway, the unknown male jumped into defendant's car, aimed a gun at him, and told him to drive, which he did until the car wrecked.

*Attorney General Edmisten, by Associate Attorney General Charles H. Hobgood, for the State.*

*James R. Parish for defendant appellant.*

PHILLIPS, Judge.

Defendant contends that his trial was erroneously prejudiced in two respects. Neither contention has merit, in our opinion.

[1] Defendant's first contention is that his motion to dismiss the charge of second degree burglary should have been granted because the evidence does not show that the breaking and entry occurred in the nighttime, a necessary element of the crime involved. G.S. 14-51. Though the evidence is silent as to just when the house was entered, it shows that after 9 o'clock at night in January defendant was in the process of loading his car with a

television set stolen from the house. Since 9 o'clock at night in January in this longitude is two hours or more after darkness begins, that evidence justifies the inference that the breaking and entry also occurred during the dark of night. *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967). It is not after the custom of thieves and burglars to do their depredations in leisurely installments or to tarry unnecessarily at the scene of their thievery; a speedy and stealthy accomplishment of their purpose and a hasty departure is more characteristic. Nothing in the evidence suggests that this bit of thievery was begun before darkness set in; on the other hand, defendant's own testimony that he was attracted to the scene by the house's lights tends to show the crime was committed after dark.

[2] Defendant's other contention is that the trial judge erred in failing to instruct the jury on the lesser included offenses of felonious breaking and entering and misdemeanor breaking and entering. First of all the record shows that: (a) In the jury instruction conference, defense counsel agreed in response to a direct inquiry from the court that there was no evidence that a lesser included offense had been committed; and (b) after charging the jury the court twice asked defendant's counsel if any further instructions were requested and received negative answers each time. Under Rule 10(b)(2) of the Rules of Appellate Procedure, any right that defendant might have had to a lesser included offense charge was thereby waived. *State v. Goodwin*, 59 N.C. App. 662, 297 S.E. 2d 623 (1982). Second, even if that was not the case, no basis existed for a lesser included offense charge. Lesser included offenses must be charged on only when the evidence, in one light at least, tends to show that one of the elements of the greater offense is missing and that a lesser included offense was therefore committed. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). The evidence in this case does not tend to show that a lesser included offense may have been committed. As has already been discussed there is no evidence that even suggests that this crime was not committed during the night, so that element of second degree burglary can be laid aside. And as to the other elements, the record contains no evidence which tends to show either that there was no break-in, or the place broken into was not a dwelling house, or it was not owned by Mr. Bradshaw, or there was no intention to commit a felony therein by stealing his television sets

and other goods. The evidence the defendant claims supports this contention was his testimony to the effect that he had nothing to do with either the break-in or larceny, and was just trying to render assistance to what he thought was an honest stranger in need of help. That, of course, is not evidence that a lesser included offense was committed by defendant or anybody else—or that the offense of second degree burglary was not committed by somebody. It is evidence only that defendant committed no crime at all. Thus, it would have been inappropriate to permit the jury to find that some lesser included offense had been committed. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976).

The defendant was tried and convicted under the theory that he was acting in concert with the unnamed man who fled. *State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979). If defendant was present only as a good Samaritan, he was entitled to have the jury acquit him—he was not entitled, though, to have them find him guilty of a lesser included offense.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.