[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The applicant, Joseph S. Libero, has applied to the court for a writ of habeas corpus, alleging that his imprisonment for nonpayment of a family support obligation is illegal.
The court finds the facts to be as follows: On January 12, 1993, another judge of the Superior Court heard evidence on a motion for contempt filed by the applicant's former wife, who alleged that the applicant had willfully failed to comply with orders of the court to pay child support and alimony. After a full hearing, the court, Coppeto, J., found the applicant to be in contempt of court and ordered him committed to the custody of the commissioner of correction. Judge Coppeto specified that the contempt could be purged by the applicant at any time upon payment to his former wife of the sum of $2,500.00. Judge Coppeto scheduled a review of the contempt for January 21, 1993. The applicant was represented by counsel at the hearing at which he was ordered incarcerated; and at the hearing on January 21, he will have counsel and an opportunity to present evidence that he is unable to comply with the court's order and that the order is serving a punitive rather than a coercive function. CT Page 279
This court is a court of jurisdiction coordinate to and not superior to the jurisdiction of judge, assigned to the family division. The judge who entered the order for incarceration has retained jurisdiction and will review the matter shortly. In such a situation a court of coordinate jurisdiction may not review the action of another court upon collateral attack. Perell v. Warden, 113 Conn. 339 (1931); Amato v. Erskine,100 Conn. 497, 501-2 (1924).
The applicant's reliance on Palumbo v. Manson, 35 Conn. Sup. 130
(1979) is misplaced. In that case, a judge had ordered body execution against a debtor, who applied for a writ of habeas corpus. In considering the application, another judge of the Superior Court found that the hearing that preceded the applicant's incarceration had been defective in that no evidence had been heard on the issue of the debtor's indigency. In that situation, the habeas court was not reviewing the finding of a coordinate court but was the first court to rule on the issue of indigency. It does not, moreover, appear that the issue of the jurisdiction of the habeas court was ever considered in Palumbo.
Correction of orders of the Superior Court that are challenged as erroneous may be sought either in subsequent proceedings before the court that entered the orders or by appeal to the appellate courts. A habeas petitioner may not deliberately bypass the orderly procedure of direct appeal Turcio v. Manson, 186 Conn. 1, 3 (1982). McClain v. Manson,183 Conn. 418, 427-33 (1981); Cajigas v. Warden, 179 Conn. 78, 80
(1979).
This court lacks jurisdiction to review the legality of the order of another judge incarcerating a party in a pending proceeding after a full hearing.
The application for issuance of a writ of habeas corpus is denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 280